UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL JACKSON #361449,

    Plaintiff,                                CIVIL ACTION NO. 10-10031

    v.                                       DISTRICT JUDGE VICTORIA A. ROBERTS

RACHEL WATERBERRY               MAGISTRATE JUDGE MARK A. RANDON
JOHNSON and GARY KASENOW,

    Defendants.
    _____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 13)

**I. Introduction**

Plaintiff Samuel Jackson, a Michigan prisoner, brought suit pursuant to 42 U.S.C. § 1983 alleging that Administrative Law Examiner ("ALE") Gary Kasenow and Parole Violation Specialist ("PVS") Rachel Waterberry-Johnson (collectively "Defendants") permitted falsified testimony to be used against Plaintiff during his parole violation hearing, resulting in the revocation of his parole. Before the Court is Defendants' motion for summary judgment. (Dkt. No. 13) The matter was referred to the undersigned for a Report and Recommendation and has been fully briefed. Since the undersigned finds that Plaintiff's complaint allegations necessarily imply the invalidity of his confinement and Plaintiff has not shown that the parole revocation decision has been reversed, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and Plaintiff's lawsuit **DISMISSED WITHOUT PREJUDICE**.

## II. FACTS

Apparently, Plaintiff alleges that while he was on parole, Police Officer Justin Broughton assaulted him and planted a gun in the car he was driving.[1] Plaintiff's complaint alleges that during his subsequent parole revocation hearing, he objected to the admission of the "false testimony and deliberate false evidence [of Officer Broughton] being used as evidence against Plaintiff." (Dkt. No. 1, ¶ 6) Plaintiff alleges that this evidence was offered by PVS Waterberry-Johnson – who prosecuted the alleged violation – and admitted by ALE Kasenow – the hearing officer – even though "Plaintiff specifically pointed out that former OFC. Justin Broughton had committed perjury in the 68th District Court, and intentionally lied in his incident report to procure a criminal proceeding against Plaintiff." *Id.* at ¶ 7. Plaintiff alleges that the Parole Board's final decision to revoke his parole status and return him to prison for the maximum time of 22 months was "due to Rachel Waterberry-Johnson and Hearing's Officer Gary Kasenow admitting the knowingly false testimony and knowingly false evidence against Plaintiff with a reckless disregard of Plaintiff's freedom." *Id.* at ¶ 21.

Plaintiff sues Defendants in their individual capacities. In terms of relief, Plaintiff seeks "nothing less than": $150,000 for psychological injury; $150,000 for mental anguish; $150,000 for denial of familial relations and $3,000 for every day he has been incarcerated since January 13, 2009.

## III. ANALYSIS

"Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions." *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). As a

---

[1] These fact are not specified in the complaint filed in the instant matter; however, Plaintiff has filed a separate suit against Officer Broughton and other parties setting forth these particular allegations. *See Jackson v. Flint*, Case No. 09-11438 (Cleland, J.)

consequence, the Supreme Court has instructed, "[A] state prisoner's claim for damages [and declaratory relief] is not cognizable under 42 USC 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). In the context of a parole revocation hearing, Plaintiff is required to show "that his parole revocation has been overturned by either a Michigan state court or a federal habeas corpus decision." *Norwood v. Michigan Department of Corrections*, Case No. 02-1779, 67 Fed.Appx. 286, 2003 WL 21221973 (6th Cir. 2003)(attached to Plaintiff's copy of the Report and Recommendation); *see also Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995)(parole revocation)(quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)("*Heck* applies to proceedings which call into question the fact or duration of parole."), *cert. denied*, 516 U.S. 851 (1995).

To the extent Plaintiff seeks to challenge the revocation of his parole, he cannot do so through a § 1983 complaint because he has not demonstrated the invalidity of his parole revocation by either a Michigan state court or a federal habeas corpus decision. To avoid this requirement, Plaintiff argues that he is not challenging his "actual confinement" but rather the unlawful conduct of Defendants in allowing the fabricated evidence. (Dkt No. 18, pp. 2-3). However, Plaintiff's artful framing of his case does not change the fact that a ruling in his favor would *imply* the invalidity of his parole revocation, because he alleges that his parole was revoked solely due to the admission of

the falsified evidence. Therefore, Plaintiff's action is prohibited by the *Heck* Doctrine and must be dismissed.[2]

Finally, to the extent that Plaintiff's Complaint presents claims under state law,[3] this Court should decline to exercise jurisdiction over Plaintiff's remaining state law claims. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998)(citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)) *see also Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

## IV. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*,

---

[2] Defendants' second argument that their conduct was nonetheless protected by absolute prosecutorial and judicial immunity is well taken and provides an alternate basis fro granting their motion. *See for example*, *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)(prosecutorial immunity); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judicial immunity). However, this argument need not be analyzed in detail in light of the clear application of *Heck*.

[3] Paragraph 18 of Plaintiff's complaint alleges a violation of M.C.L. § 791.240(a).

932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: November 30, 2010

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 30, 2010, by electronic and/or first class U.S. mail.*

s/Melody R. Miles
Case Manager to Magistrate Judge Mark A. Randon

*Copies mailed to:*

>  **Samuel Jackson - 361449**
>  **BARAGA MAXIMUM CORRECTIONAL FACILITY**
>  **13924 WADAGA ROAD**
>  **BARAGA, MI 49908**